# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. |
| | : | |
| | : | VIOLATION: |
| | : | |
| v. | : | 18 U.S. C. § 201(c)(1)(B) |
| | : | (Receipt of a Gratuity by a Public |
| | : | Official) |
| **CALVIN N. SMITH,** | : | |
| | : | |
| **Defendant.** | : | |

## INFORMATION

The United States Attorney informs the Court that:

### Introduction

1. Defendant CALVIN N. SMITH, a resident of Lanham, Maryland, was a Child Care Licensing Specialist with the Office of State Superintendent of Education in the District of Columbia.

2. The Office of the State Superintendent of Education ("OSSE"), formerly known as the State Education Office (SEO), was an agency of the District of Columbia that had oversight authority over all state educational functions in the District of Columbia. The OSSE launched its official name change on June 12, 2007, and was created by the District of Columbia Public Education Reform Act of 2007 (DC Act 17-38). The OSSE functioned in much the same way as a state department of education. As the State Education Agency for the District of Columbia, the OSSE established statewide policies, provided resources and support, and exercised accountability for all public education in the District of Columbia. Among other things, OSSE was responsible for ensuring that child development facilities ("CDF") were in

compliance with all federal and District of Columbia laws and regulations governing child development facilities. OSSE made sure that CDFs were properly licensed and investigated complaints and unusual incidents involving CDFs.

3. As a Child Care Licensing Specialist with OSSE, defendant CALVIN N. SMITH was responsible for the inspection and licensing of child development centers. He conducted in-depth initial and renewal inspections of assigned child care facilities to determine if services provided were in compliance with all legal mandates for purposes of licensure and/or certification. He reviewed documentation of records and files concerning staff credentials, immunization records, and criminal background checks. He also identified and cited violations of deficiencies with accompanying recommendations for further actions by Supervisory Program Managers. Further, he developed detailed official reports of all inspections and complaint investigations and helped develop case files for enforcement and prosecution proceedings by the Office of the Attorney General.

4. TDC was an OSSE licensed child care facility located in the 3200 block of 11th Place, S.E. in the District of Columbia.

**Receipt of an Illegal Gratuity for Performance of an Official Act**

5. On or about March 11, 2009, defendant CALVIN N. SMITH issued a Statement of Deficiencies and Plan of Correction to TDC that outlined over twenty staff and facility infractions, and demanded correction of the infractions within thirty days.

6. On or about June 16, 2009, defendant CALVIN N. SMITH reported to his Supervisory Program Managers that TDC had cured all staff and facility deficiencies, thus enabling TDC to remain a licensed child care facility.

7.    On or about August 1, 2009, the owner of TDC issued a $2000 check from TDC's PNC Bank Account ending 5082, to defendant Calvin Smith upon his request for a loan, and the owner agreed to do so because defendant Calvin Smith had assisted TDC in resolving the deficiencies that were noted in his March 2009 Statement of Deficiencies and Plan of Correction, and issuing a report to his Supervisory Program Managers stating that TDC had cured all staff and facility deficiencies, thus enabling TDC to remain a licensed child development center in the District of Columbia.

8.    On or about August 3, 2009, defendant CALVIN N. SMITH deposited the $2,000 check from TDC into his personal bank account.

**COUNT ONE**
**(Receipt of a Gratuity by a Public Official)**

9.    Paragraphs one through eight are re-alleged and incorporated by reference as if fully set forth herein.

10.    On or about August 1, 2009, in the District of Columbia, defendant CALVIN N. SMITH, a public official employed as a Child Care Licensing Specialist with the Office of State Superintendent of Education in the District of Columbia, otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did demand, seek, receive, accept,

and agree to receive and accept something of value personally for and because of an official act performed and to be performed by such official, that is $2,000, in exchange for assisting TDC to come into compliance with OSSE rules and regulations governing CDFs.

**(Receipt of a Gratuity by a Public Official, in violation of 18 U.S.C. § 201(c)(1)(B)).**

RONALD C. MACHEN JR.
United States Attorney

By: _____
Lionel André
Assistant United States Attorney
D.C. Bar No. 422534
Fraud and Public Corruption Section
555 4th St., N.W., Room 5245
Washington, D.C. 20530
(202) 252-7818
Lionel.Andre@usdoj.gov